Nicholas T. Hua, Bar No. 231035
Nick@hua-gallai.com
Giacomo Gallai, Bar No. 227544
gg@hua-gallai.com
HUA GALLAI LLP
433 North Camden Drive, 4th Floor
Beverly Hills, CA 90210
Phone:  (310) 279-5239
Facsimile:  (480) 393-4433

Attorneys for Plaintiff GARY D. DARSEY,
individually, and on behalf of others
similarly situated

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D. DARSEY, an individual, on behalf of himself and of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAG LABS, INC.; a Delaware corporation; JOSHUA VINER, an individual; BRYAN BENGSTON, an individual; and DOES 1-10, inclusive;<br><br>Defendants. | Case No. 2:17-CV-7014<br><br>CLASS ACTION COMPLAINT |

Plaintiff GARY D. DARSEY (collectively, "Plaintiff" or "Darsey") individually and on behalf of all others similarly situated, as class representative, alleges as follows against Defendants WAG LABS, INC., a Delaware Corporation; JOSHUA VINER, an individual; BRYAN BENGSTON, an individual, and DOES 1-10 seeking damages and other relief as set forth herein:

/ / /

/ / /

## NATURE OF THE ACTION

1.     The Defendants (collectively "Wag") operate under the name "Wag" in the dog walking business by virtue of their "Wag" website and mobile app through which dog owners reserve and purchase dog walking services for their dog(s). Wag promotes itself as the Uber of dog walking services. The dog owners make their reservations either online, or using Wag app through Wag and Wag dispatches its dog walkers to render the dog walking services to the customers. Customers pay directly Wag once the walk is completed.  They do not pay the dog walkers.  Plaintiff Darsey started working as a dog walker for Wag beginning in about January 2017.

2.     Wag has maintained a policy and practice of misclassifying Plaintiff Darsey and all other similarly situated dog walkers (collectively also referred to as "Plaintiffs") of Wag as independent contractors when instead under the law they are employees of Wag and should have been classified and compensated as such, which Wag failed to do in violation of law as set forth herein.

3.     Wag has also maintained a policy and practice of forcing Plaintiffs to work off the clock without wages by compensating Plaintiffs only from the time that dogs are harnessed up and headed out of the customers' home to completion of bringing the dogs back into the customers' house, without regards to the preparation time before and after the dog walks.  For example, Wag failed to pay Plaintiff for the time spent working from when Plaintiffs arrive to customers' homes until harnessing, and the time from de-harnessing until leaving a customers' home, which is substantial and often also includes receipt of special food or other instructions from customers and dog walkers also have to spend substantial time waiting for instructions on how to get into dog owners' homes.

/ / /

/ / /

4.     Wag has also maintained an illegal and unfair policy and practice of misclassifying Plaintiffs as independent contractors and failing to pay them for all work performed on behalf of Wag as set forth herein which resulted in Plaintiff being paid less than required minimum wages as alleged herein, as well as not providing a wage statement for said additional time of work performed by the putative Class.

5.     Defendants have committed, and continue to commit, unlawful, unfair, and/or fraudulent business acts or practices and have engaged in unfair competition in violation of Business and Professions code § 17200 and of the California Labor Code as alleged herein.

6.     Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of law involving misclassification, failure to pay wages, failure to pay minimum wage as set forth herein by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

7.     Plaintiffs also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 to remedy Defendants' violations of all applicable California Labor Code and Business and Professions Code §§ 17200 et seq.

## **JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

9.     Plaintiffs' state law claims are so closely related to their claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

/ / /

/ / /

-3-

10.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

12.     Upon information and belief, all Defendants are subject to personal jurisdiction in California.

13.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 (b)(2) because the events or omissions giving rise to the claims occurred in this district.

## **THE PARTIES**

**Plaintiff**

16.     Plaintiff GARY D. DARSEY (still referred to as "Plaintiff" or "Darsey") is and was at all time a resident of Los Angeles County, California. Darsey started working as a dog walker for Wag beginning in about January 2017.

17.     Plaintiff Darsey is a covered employee within the meaning of the FLSA and California Industrial Welfare Occupational Wage Order Nos. 4-2001, 2000, 4-1998, and other applicable regulations and wage orders.

**Defendants**

18.     Defendant WAG LABS, INC. is a domestic business corporation organized under the laws of the state of Delaware.  Wag maintains its principal place of business in California at 8560 West Sunset Blvd., Suite 100 in West Hollywood, California 90069 and does business nationwide.  Wag operates under

the name "Wag" in the dog walking business by virtue of the "Wag" website and mobile app through which dog owners reserve and purchase dog walking services for their dog(s).   The dog owners make their reservations either online or through Wag's app, and once the dog owners have reserved the dog walks through Wag, the dog owners pay Wag directly for the dog walking services, and available Wag dog walkers render the dog walking services as requested by Wag's customers.

19.     Upon information and belief, Defendant JOSHUA VINER ("Viner") is the Chief Executive Officer of Wag and he is an officer, director and managing agent of Wag, who is subject to the personal jurisdiction of this Court.

20.     Upon information and belief, Defendant BRYAN BENGSTON ("Bengston") is the Chief Financial Officer of Wag and he is an officer, director and managing agent of Wag, who is subject to the personal jurisdiction of this Court.

21.     Defendants Wag, DOES 1-10, Vines, and Bengston operate as part of a single integrated enterprise that employed and/or jointly employed Plaintiff Darsey and the other similarly situated dog walkers employed by the Defendants. Upon information and belief, each Defendant has substantial control over Plaintiffs' working conditions, and had unlawful policies and practices alleged herein that apply to Plaintiffs equally.  During all relevant times, these Defendants have been Plaintiffs' employers and/or joint employers of the Plaintiff and class members in this action within the meaning of the FLSA and have power over personnel decisions, classification of employees, payroll and compensation decisions. Upon information and belief, the Defendants have the power to hire and fire employees, establish and pay their wages, set their work schedules and maintain their employment records.

/ / /

/ / /

22.     All of the acts alleged in this Complaint were authorized, ordered, and implemented by the Defendants and/or their officers, agents, and/or representatives while actively engaged in the management of their business.

## **COMMON ALLEGATIONS**

23.     Upon information and belief Defendant Wag has been operating since 2015 at least under the name "Wag" in the dog walking business by virtue of the "Wag" website and mobile app through which dog owners reserve and purchase dog walking services for their dog(s).

24.     The Defendants operate under the name "Wag" in the dog walking business by virtue of their "Wag" website and mobile app through which dog owners reserve and purchase dog walking services for their dog(s). The dog owners make their reservations either online or via telephone through Wag and once the dog owners have reserved the dog walks through Wag, the dog owners pay Wag directly for the dog walking services and Wag dispatches its dog walkers to render the dog walking services.

25.     Wag customers can go on Defendant Wag's website and mobile app and can reserve and pay for dog walking services of different duration of 30 minutes, 60 minutes and so forth for their dog(s).  Wag's customers complete the reservations and purchases of dog walking services directly through Wag either via their website, mobile app or by telephone where they choose the duration of the dog walking session(s), the Wag customers select the duration of the session(s), Wag then informs the customers how much the dog walking will cost based on the selections and informs the customer of the price.  If the customer is willing to purchase the dog walking services at the price determined by Wag, then the customer pays Wag for the dog walking services at price and rate which are determined by Wag, not by the dog walkers.  In addition, Wag pays for insurance and bond for the services it sells.

26.    Through its website and mobile app, Wag offers dog walking services throughout California as well as in about 40 other states of the United States of America nationwide.

27.    To provide the dog walking services that Wag sells to its customers, Wag employs dog walkers nationwide, which Wag calls "Pet Care Providers" including in California, which upon information and belief are hundreds, if not thousands of such Pet Care Providers who have agreed to work for Wag.  Plaintiff Darsey has worked as a Pet Care Provider/dog walker for Wag since January 2017. Once a customer has reserved the dog walking services through Wag, then Wag informs the an available dog walker that Wag decides to send to perform the dog walking services reserved of the address and time for the dog walking services. Although each dog walker, including Plaintiff Darsey, is an employee under the law, Wag illegally and unlawfully compensates and classifies each Pet Care Provider/dog walker as an independent contractor.   Each dog walker is compensated at fixed amount for each dog walk depending on the length of the walk and on the number of dogs, which amount is determined by Wag in advance and the dog walkers have no power to determine how much they are paid for each walk nor have they any power to determine how much Wag customers are charged for dog walking services.  Generally, the dog walkers don't even know the name of the customers for which they are providing dog walking services until they have been reserved by customers through Wag.  In addition, if during the dog walking services a customer wishes to purchase additional dog walking services or lengthen a dog walking session, customers have to do it through Wag and the individual dog walkers have no power to do so.  Furthermore, if customers want to cancel a dog walking session or reschedule it, customers have to do so through Wag.  The dog walkers also do not set any policies regarding dog walking, rates, cancellations, prices but instead they are all set by Wag and Wag mandates that each dog walkers abide to a litany of policies set by Wag which set forth in detail how each Pet Care

Provider/dog walker has to provide the services purchased by the customers. Furthermore, once a customer has purchased dog walking services, Wag controls which dog walkers get informed about it.   In order to select and hire the Pet Care Providers, Wag subjects them to an application and interview process.  Pet Care Providers cannot offer any services through Wag unless they have applied and they have been interviewed and hired by Wag.

28.   Wag has maintained a policy and practice of misclassifying Plaintiff Darsey and all other similarly situated Per Care Providers/dog walkers (collectively "Plaintiffs") of Wag as independent contractors when instead under the law they are employees of Wag and should have been classified and compensated as such, which Wag did not do in violation of law as set forth herein.

29.   Wag has also maintained a policy and practice of forcing Plaintiffs to work off the clock without wages by compensating Plaintiffs only from the time that dogs are harnessed up and headed out of the customers' home door and failing to pay Plaintiff for the time spent working from when Plaintiffs arrive to customers' homes until harnessing, and the time from de-harnessing until leaving a customers' home, which is substantial and often also includes receipt of special food or other instructions from customers.  Thus, while Plaintiff Darsey and all other similarly situated dog walkers end up performing a lot of work time from the time they arrive to a customer's home until dogs are harnessed heading out of the customer's home door, Wag does not pay the Plaintiffs for such time spent working, not does Wag pay them for other time such as time spent receiving special food instructions or other instructions or for the time spent between de-harnessing and leaving a customer's home.  And this time before harnessing and after de-harnessing can be time consuming and in fact, when a customer reserves a 30 minute walk it is the policy of Wag to inform the selected dog walker that 60 minutes actual time are

involved and Wag refuses to book a walker for an entire hour even when the reserved dog walk is only 30 minutes even if two customers are in proximity of each other.  Furthermore, if a dog walker shows up at a customer's home for a dog walking session and is unable to gain access to the owner's house or to located the dog's equipment, it is the policy of Wag that the dog walker has to wait at least 30 minutes before leaving and that if the customer responds within those 30 minutes then the dog walker has to perform the full dog walking session purchased. As a result, Plaintiff and other similarly situated dog walkers end up working up to half an hour more without compensation.  In addition, Wag represents to the customers that the Wag workers who will take the customers' dogs on walks are "Pet Care Providers" which implies and represents to the customers that in fact the Wag workers, including Plaintiff and the members of the class as set forth herein, provide care services aside and in addition to just walking the dogs and in fact they regularly do such as receiving instructions on food requirements and other instructions regarding the dogs.  Because of the low fixed rates pursuant to how Wag compensates each dog walker for dog walking services as independent contractors and because of time actually involved to perform such services, and Wag's policy of refusing to pay before harnessing and after de-harnessing, Wag not only fails to pay earned wages, but also Plaintiffs often end up being paid less than required under minimum wage laws which is illegal.  Wag controls how much dog walkers are paid and controls how much customers pay for dog walking services. In addition, on many occasions Wag has also decided to hold "flash sales" or other sales for customers resulting in dog walkers to be paid even as low as $6/hour which sale prices Wag forces the dog walkers to absorb lowering the rate at which they are paid because of the number and frequency of these flash sales.

/ / /

/ / /

**CLASS ACTION ALLEGATIONS**

30.   Plaintiff Darsey brings the Causes of Action Numbers 1, 2, 3, 5, 6, 7, and 9, California law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of:

> All individuals who have worked as Pet Care Providers/dog walkers for the Defendants in California at any time between November 1, 2013 and the date of final judgment (the "California Class"), including those that still work for the Defendants as Pet Care Providers/dog walkers.

The California Class includes both current as well as former Pet Care Providers/Dog Walkers.

31.   Plaintiff Darsey brings the Fourth Cause of Action, California law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a sub-class consisting of:

> All individuals who are not working for the Defendants as Pet Care Providers/dog walkers anymore because they resigned or were terminated but who previously worked at Per Care Providers/dog walkers for Defendants in California at any time between November 1, 2013 and the date of final judgment (the "Formerly Employed California Sub-Class.")

This sub-class only includes former Pet Care Providers/dog walkers of the Defendants and as such is a sub-class of the California Class.

32.   Excluded from the California Class and from the Formerly Employed California Sub-Class are Defendants, Defendants' legal representatives, officers, directors, assigns and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and

all persons who will submit timely and otherwise proper request for exclusion from the California Class and from the Formerly Employed California Sub-Class.

33.     The dog walkers and class member part of the California Class and of the Formerly Employed California Sub-Class identified above are so numerous that joinder of all members is impracticable.

34.     Upon information and belief, the size of the California Class and of the Formerly Employed California Sub-Class is more than 1,000 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are within the sole control of Defendants.

35.     Defendants have acted or have refused to act on grounds generally applicable to the California Class and to the Formerly Employed California Sub-Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class and to the Formerly Employed California Sub-Class as a whole.

36.     The claims of the representative parties are typical of the claims of the California Class and of the Formerly Employed California Sub-Class.   Plaintiffs and the California Class members and the Formerly Employed California Sub-Class have worked for Defendants. They enjoy the same statutory rights under the California Labor Code to be paid for all hours worked and not to be misclassified as independent contractors.  Plaintiffs and California Class members, the Formerly Employed California Sub-Class have all sustained similar types of damages as a result of Defendants' failure to comply with the California Labor Code and Business and Professions Code.

37.     The representative party Plaintiff Darsey will fairly and adequately represent and protect the interests of the California Class members and of the Formerly Employed California Sub-Class. There is no conflict between the

-11-

Plaintiffs and the California Class members and the Formerly Employed California Sub-Class.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against large Defendants. In addition, class litigation is superior because it will obviate the need for unruly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

39.     There are questions of law and fact common to the California Class and to the Formerly Employed California Sub-Class which predominate over any questions solely affecting individual members of these classes, including, but not limited to the following:

(a)     Whether Defendants misclassified Plaintiff and the class members as independent contractors;

(b)     Whether Defendants unlawfully failed to pay earned wages to Plaintiff and to the class members;

(c)     Whether Defendants unlawfully failed to pay the Plaintiff and the class members at least minimum wages;

(d)     Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

(e)     The nature and extent of class-wide injury and the measure of damages for those injuries.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff Darsey brings the Eighth Cause of Action, FLSA claims, on behalf of himself and all similarly situated individuals who work or worked as Pet Care Providers/dog walkers for Defendants anywhere in the United States of

1  America for up to three years prior to the filing of this Complaint who elect to opt-

2  in to this action (the "FLSA Collective")

3       41.    Defendants are liable under the FLSA for, *inter alia*, misclassifying

4  Plaintiff and the other similarly situated dog walkers.  Upon information and belief,

5  there are many similarly situated current and former Pet Care Providers/dog

6  walkers of Defendants anywhere in the United States of America who have been

7  misclassified as independent contractors and who have been underpaid as alleged

8  herein such that they would benefit from the issuance of a court-supervised notice

9  of the present lawsuit and the opportunity to join the present lawsuit.  Those

10 similarly situated dog walkers employed by Defendants, are readily identifiable,

11 and can be located through Defendants' records.  Notice should be sent to the FLSA

12 Collective pursuant to 29 U.S.C. § 216(b).

13
**FIRST CAUSE OF ACTION**
14
**VIOLATION OF CALIFORNIA LABOR CODE – MISCLASSIFICATION**
15
**(By Plaintiff and the California Class Against All Defendants and DOES 1-10)**

16      42.    Plaintiff re-alleges and incorporates by reference all of the prior

17 paragraphs of the Complaint as though fully set forth herein.

18      43.    California Labor Code 226.8(a) provides that it is unlawful for "any

19 person or employer" to willfully misclassify an employee as an independent

20 contractor.

21      44.    Defendants Wag Labs, Inc, Joshua Viner, Bryan Bengston and Does 1-

22 10 constitute a "person or employer" within the meaning of California Labor Code

23 226.8(a).

24

25

26

27
28

45.     Defendants Wag Labs, Inc; Joshua Viner; Bryan Bengston and Does 1-10 voluntarily and knowingly misclassified Plaintiff and the other dog walkers which are members of the California Class as independent contractors, which constitutes "willful misclassification" within the meaning of California Labor Code section 226.8 and 226.8(i)(4) and each of them is individually liable to Plaintiff and to the California Class.

46.     Pursuant to California law and Labor Code 226.8(b) and (j), Plaintiff and the California Class are entitled to recover, and all Defendants are subject to, civil penalties, including, but not limited to, a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

47.     Furthermore, pursuant to California Labor Code 2753 " A person who, for money or other valuable consideration, knowingly advises an employer to treat an individual as an independent contractor to avoid employee status for that individual shall be jointly and severally liable with the employer if the individual is found not to be an independent contractor."

**SECOND CAUSE OF ACTION**
**California Labor Code – Failure To Pay Wages and Minimum Wage**
**(Brought on behalf of Plaintiff and the California Class against**
**Defendants Wag Labs, Inc. and DOES 1-10)**

48.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendants failed to pay Plaintiff and members of the California Class the full amount of their earned wages under the law.  Wag has maintained a policy and practice of misclassifying Plaintiff Darsey and the members of the California Class as independent contractors when instead under the law they are employees of Wag and should have been classified and compensated as such, which Wag did not

-14-

do in violation of law as set forth herein. Wag has also maintained a policy and practice of forcing Plaintiffs to work off the clock without wages by compensating Plaintiffs only from the time that dogs are harnessed up and headed out of the customers' home door and failing to pay Plaintiff for the time spent working from when Plaintiffs arrive to customers' homes until harnessing, and the time from de-harnessing until leaving a customers' home, which is substantial and often also includes receipt of special food or other instructions from customers as well as time spent preparing Wag's mandatory report card that each Pet Care Provider/Dog Walker has to write after each walk. Thus, while Plaintiff Darsey and all other similarly situated dog walkers end up performing a lot of work time from the time they arrive to a customer's home until dogs are harnessed heading out of the customer's home door, Wag does not pay the Plaintiffs for such time spent working, nor does Wag pay them for other time such as time spent receiving special food instructions or other instructions or for the time spent between de-harnessing and leaving a customer's home. And this time before harnessing and after de-harnessing can be time consuming and in fact, when a customer reserves a 30 minute walk it is the policy of Wag to inform the selected dog walker that 60 minutes actual time are involved and Wag refuses to book a walker for an entire hour even when the reserved dog walk is only 30 minutes even if two customers are in proximity of each other.  Furthermore, if a dog walker shows up at a customer's home for a dog walking session, it is the policy of Wag that the dog walker has to wait at least 30 minutes before leaving and that if the customer shows up within those 30 minutes then the dog walker has to perform the full dog walking session purchased. As a result, Plaintiff and other similarly situated dog walkers end up working up to half an hour more without compensation.

/ / /

/ / /

-15-

50.     Because of the low fixed rates pursuant to which Wag compensates each dog walker for dog walking services as independent contractors and because of time actually involved to perform such services and Wag's policy of refusing to pay before harnessing and after de-harnessing, Wag not only fails to pay earned wages, but also Plaintiffs often end up being paid less than required under minimum wage laws which is illegal. Wag controls how much dog walkers are paid and controls how much customers pay for dog walking services. In addition, on many occasions Wag has also decided to hold "flash sales" or other sales for customers resulting in dog walkers to be paid even as low as $6/hour which sale prices Wag forces the dog walkers to absorb lowering the rate at which they are paid resulting in the Plaintiff and the members of the California Class to be compensated less than minimum wage.

51.     Due to Defendants' violations of the California Labor Code, the Plaintiff and members of the California Class have suffered damages and are entitled to recover from Defendants their unpaid wages, liquidated damages, penalties, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest under California law and the California Labor Code, including, but not limited to, pursuant to Labor Code sections 1182.12, 218.5, 558, 1194, 1194.2, 1197, 1197.1 and to the applicable Minimum Wage Orders, Department of Labor Regulations among other provisions.

## THIRD CAUSE OF ACTION
### California Labor Code Section 558
**(Brought on behalf of Plaintiff and the California Class against Defendants Wag Labs, Inc. and DOES 1-10)**

52.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants had a consistent policy of underpaying Plaintiff and the members of the California Class, including Plaintiffs, as alleged herein.

-16-

54.     With respect to the violations committed by Defendants, California Labor Code section 558 provides the following penalties: "(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

55.     Defendants have not paid Plaintiff and the members of the California Class all the wages which they are owed, thus entitling them to recover civil penalties pursuant to California Labor Code section 558, all in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION
### California Labor Code Section 200 *et seq.*, – Waiting Time Penalties For Failure To Pay Wages Earned
### (Brought on behalf of Plaintiff and of the Formerly Employed California Sub-Class against Defendants Wag Labs, Inc. and DOES 1-10)

56.     Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57.     California Labor Code section 200 provides, in pertinent part, as follows:  "(a) 'Wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  This section also states "(b) 'Labor' includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment."

58.     California Labor Code section 201 states that if an employer "discharges an employee, the wages earned and unpaid at the time of discharge are

-17-

1    due and payable immediately."  If the employee resigns, Labor Code section 202

2    states that "his or her wages shall become due and payable not later than 72 hours

3    thereafter, unless the employee has given 72 hours previous notice of his or her

4    intention to quit, in which case the employee is entitled to his or her wages at the

5    time of quitting."

6         59.    California Labor Code section 203 provides, in relevant part, that "(a)

7    If an employer willfully fails to pay, without abatement or reduction, in accordance

8    with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is

9    discharged or who quits, the wages of the employee shall continue as a penalty

10   from the due date thereof at the same rate until paid or until an action therefor is

11   commenced; but the wages shall not continue for more than 30 days."

12        60.    The Defendants owe waiting time penalties pursuant to the Labor

13   Code to those individuals who worked as dog walkers for Defendants in California

14   between November 1, 2013 and the date of final judgment who resigned or were

15   terminated by Defendants.

16        61.    Upon information and belief, Defendants failed to pay waiting time

17   penalties due under the Labor Code and California law which damaged class

18   members who are entitled to recovery under the Labor Code of the full 30 days of

19   waiting time penalties from Defendants as provided for under the foregoing Labor

20   Code provisions and seek compensation for such amounts to which they are entitled

21   from Defendants.

### FIFTH CAUSE OF ACTION
### LABOR CODE SECTION 1197.1
**(By Plaintiff and the California Class Against All Defendants and
DOES 1-10)**

24        62.    Plaintiffs re-alleges and incorporates by reference all allegations in all

           preceding paragraphs.

/ / /

/ / /

-18-

63.     California Labor Code section 1197.1 provides that: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

64.     As set forth in this Complaint, the Defendants caused Plaintiff and the California Class to be paid less than the legally required minimum wage in California and are liable for all damages, penalties and amounts due to Plaintiff and to the California Class.

/ / /

/ / /

/ / /

/ / /

**SIXTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES – LABOR CODE**
**2802**
**(Brought on behalf of Plaintiff and the California Class against**
**Defendants Wag Labs, Inc. and DOES 1-10)**

65.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66.    In order to perform their services for Wag, the Plaintiff and the members of the California Class have incurred reasonable and necessary expenses, which were not reimbursed by Defendants, such as mileage, parking or other expenses such as cell phone expenses which certain types of cell phones the Plaintiff and the California Class were required by Defendants to have and carry and use during performance of their services for Wag in order for Wag and customers to monitor walks and provide other information to Wag and customers regarding the status and activities on each dog walk for which cell phones and use of such cell phones are required by the Defendants.

67.    Plaintiff and the California Class seek recovery of those expenses as well as recovery of attorney's fees and costs to which they are entitled to under California Labor Code section 2802 as well as other relief as requested in this Complaint.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on behalf of Plaintiff and the California Class against**
**Defendants Wag Labs, Inc. and DOES 1-10)**

68.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69.    Defendants violated Labor Code Section 226 by failing to provide to Plaintiff and to the California Class with wage statements showing an itemization for all wages worked, as well as tax deductions as required under Labor Code

-20-

section 226.  Plaintiff and each member of the California Class are entitled to the full $4,000 each for said violation, as well as attorney's fees and costs for this cause of action.

70.    Plaintiff and the California Class also seek recovery of penalties, attorney's fees and all remedies as provided under by Labor Code Section 226 (e) (1), which provides that:  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Sub-section (B) provides:  "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information…."

## EIGHTTH CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Wages and Minimum Wage
### (By Plaintiff and the FLSA Collective against All Defendants)

71.    Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

72.    The Defendants caused Plaintiff and the FLSA Collective not to receipt payment for all time worked on behalf of Defendants and caused Plaintiff and the FLSA Collective to be paid less than minimum wage in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

73.    Plaintiff and the FLSA Collective are entitled to recover such unpaid wages and wages less than federally mandated minimum wage for up to three years prior to the filing of this suit, as well as attorney's fees, penalties and costs to the fullest extent provided by law.

-21-

/ / /

74.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

75.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**NINTH CAUSE OF ACTION**
**Business and Professions Code Section 17200 *et seq.*, – Unfair Competition**
**(By Plaintiff and the California Class against All Defendants)**

76.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77.     Business and Professions Code section 17200 et seq. makes it illegal to engage in "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

78.     Through the acts complained of in this Complaint, Defendants engaged in unfair competition within the meaning of sections 17200 et seq.

79.     Defendants have committed, and continue to commit, unlawful, unfair, and/or fraudulent business acts or practices, as defined in Business & Professions Code section 17200, by among other things, engaging in the unlawful, unfair, and/or fraudulent acts complained of by Plaintiff in this Complaint.

80.     Defendants engaged in and continue to engage in acts and practices in violation of Business & Professions Code section 17200 by violating, among other things, California common law for tortious conduct in violation of California law, of the California Labor Code and FLSA as alleged herein.

/ / /

/ / /

-22-

81.    Defendants' conduct, acts, and practices in violation of the California statutes and common law above each constitute a separate and independent violation of Business & Professions Code section 17200 et seq.

82.    Defendants' actions have damaged and continue to damage Plaintiffs by, among other things, violating Plaintiffs' rights under the aforementioned California statutes, common law, and as otherwise alleged in this Complaint.

83.    Accordingly, Plaintiffs are entitled to restitution of all monies that Defendants have improperly, unfairly, fraudulently, and/or unlawfully withheld from Plaintiffs, to be determined according to proof at trial.

84.    Pursuant to Business & Professions Code section 17200, Plaintiffs also seeks and are entitled to an injunction prohibiting Defendants from engaging in any further acts of unfair competition in violation of section 17200 et seq.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff DARSEY, on behalf of himself and of all those similarly situated putative class members, prays for the following relief as against Defendants WAG LABS, INC., a Delaware corporation; JOSHUA VINER, an individual; BRYAN BENGSTON, an individual and DOES 1-10, jointly and severally:

1.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

2.    That the Court determines that this action may be maintained as a collective action pursuant to the FLSA, including under section 216;

3.    That this action qualifies and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

-23-

4.     Designation of Plaintiff as representatives of the Putative Class, and designation of Plaintiff's counsel as Class Counsel;

5.     That the Court declare that Defendants' policies and practices violate California law and Federal, including, but not limited to, the Labor Code and the FLSA;

6.     That the Court declare that Defendants engaged in unfair competition in violation of California Business and Professions Code sections 17200 et seq. and for restitution, injunctive relief and all applicable relief under Business and Professions Code sections 17200 et seq.;

7.     For all statutory and/or civil penalties to the fullest extent provided by law, including pursuant to the Labor Code as set forth herein and any applicable laws and regulations;

8.     For reasonable attorney's fees, costs, and interest thereon to the fullest extent permitted by law, including, but not limited to the California Labor Code and the FLSA as alleged herein;

9.     For liquidated damages to the fullest extent provided by law;

10.    Pre-judgment interest and post-judgment interest;

11.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the California Labor Code;

12.    For general damages in an amount to be determined according to proof at trial;

13.    For special damages in an amount to be determined according to proof at trial;

14.    For recovery of all wages and minimum wages;

15.    For recovery of costs of suit herein, and for Plaintiff's attorney's fees in connection with any of Plaintiff's causes of action in this Complaint but not

-24-

specifically requested in this Prayer for Relief; and

16.    For such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the putative class, hereby demands a jury trial on all issues and claims regarding this Complaint.

RESPECTFULLY SUBMITTED.

DATED:  September 22, 2017          **HUA GALLAI, LLP**


                                   By:/S/ Giacomo Gallai
                                   _____
                                   Nicholas T. Hua
                                   Giacomo Gallai

                                   Attorneys for Plaintiff GARY D.
                                   DARSEY and all others similarly
                                   situated

-25-